# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed August 27, 1908.

AGNES L. STOUFFER
VS.
ELLIS M. STOUFFER.

*G. Guy Wilson* for plaintiff.
*Charles D. Wagaman* and *Frank G. Wagaman* for defendant.

574

GORTER, J.—

The original bill was filed in this case on the 14th of January, 1908, by the plaintiff against the defendant, alleging desertion, and asking for alimony without divorce.

On the fourteenth of January, 1908, the defendant interposed a demurrer upon the ground that the bill of complaint did not allege that either the plaintiff or defendant resided in Baltimore City. The demurrer upon being heard was sustained with leave to the plaintiff to amend. On April 13, the plaintiff filed her amended bill, alleging that at that time the plaintiff resided in Baltimore City. On April 15, the defendant demurred to the amended bill. He bases his demurrer upon three grounds.

1st. That as the defendant is a resident of Washington County, and as the bill only prays for alimony, and not divorce, the defendant can only be sued in the county in which he resides.

2nd. That alimony cannot be allowed upon the grounds of abandonment.

3rd. That the bill does not state the plaintiff was a resident of Baltimore City at the time the suit was instituted, but only at the time of filing of the amended bill.

I think the demurrer should be sustained upon the first ground. The Act of 1777, Chapter 12, Section 14, Article 16, Section 14 of the Code of 1904, confers jurisdiction upon the courts of equity to hear and determine all causes for alimony, in as full and ample manner as such causes could be heard and determined by the laws of England in the Ecclesiastical courts there.

It was not until the Act of 1841, Chapter 262, that jurisdiction was conferred upon the courts of equity in respect to divorce. This last act gave the right to any person deserving a divorce to file his or her bill either where the plaintiff or defendant resides. I do not think this provision could be extended to cover a case for alimony under the Act of 1777, where no divorce is asked. Article 4, Section 29, of the State Constitution, provides: "The Circuit Court of Baltimore City shall have exclusive jurisdiction in equity within the limits of said city, and all such jurisdiction as the present Circuit Court of Baltimore City has.

The Circuit Court No. 2 of Baltimore City was created by the Act of 1888, Chapter 194, under Constitutional authority, Article IV, Section 39, and has like jurisdiction as to the Circuit Court, and an examination of the Sections of the Code from 81 to 106, inclusive, of Article 16, seems to limit the jurisdiction of the Equity Courts of Baltimore City, and the Circuit Courts of the counties, in chancery suits to those who reside within the city or counties, respectively. The Act of 1898, Chapter 255, amending Section 132 of Article 75, of the Code, has the effect, if such were not already the case of requiring a defendant in equity to be sued in the county in which he resides, unless, as therein provided, he absconds, or engages in business in another city.

I am, therefore, of the opinion, this being a suit for alimony without divorce, that this court has not jurisdiction. It is unnecessary to consider the remaining two grounds as the demurrer will be sustained upon the first.